UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN E. FUNCHES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 08C-3062 |
| CHAS. LEVY CIRCULATING CO. LLC. | ) ) ) |
| Defendant. | ) ) |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant, Chas. Levy Circulating Co. LLC, by and through its undersigned counsel, and for its Answer and Affirmative Defenses states as follows:

1. **Allegation:** This is an action for employment discrimination.

   **Answer:** Paragraph 1 is a legal conclusion and not an assertion of fact directed against Defendant, therefore, Defendant makes no response to Paragraph 1.

2. **Allegation:** The plaintiff is John E. Funches of the county of Cook in the State of Illinois.

   **Answer:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies each allegation contained in Paragraph 2.

3.      **Allegation:** The defendant is Chas. Levy Circulating Co. LLC whose street address is 1140 N. Northbranch, Chicago, Illinois 60622 and whose phone number is 312-440-4400.

**Answer:** Defendant admits that it is the Defendant named in this lawsuit and that its address and phone number as stated in Paragraph 3 are correct. Defendant further states that Chas. Levy Circulating Co. LLC is now known as Source Interlink Distribution, LLC.

4.      **Allegation:** The plaintiff was employed by the defendant at 1140 N. Northbranch, Chicago, Illinois 60622.

**Answer:** Defendant admits that it employed Plaintiff at its facility located at 1140 N. Northbranch, Chicago, Illinois 60622.

5.      **Allegation:** The plaintiff was employed but is no longer employed by Defendant.

**Answer:** Defendant admits that it employed the Plaintiff. Defendant further admits that Plaintiff is no longer employed by Defendant.

6.      **Allegation:** The defendant discriminated against the plaintiff on or about January 29, 2007.

**Answer:** Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.  **Allegation:** The defendant is not a federal agency, and the plaintiff has filed a charge against the defendant asserting the acts of discrimination indicated in this complaint with the Illinois department of Human Rights, on or about July 27, 2007. A copy of the charge is attached. It is the policy of both the Equal employment opportunity Commission and the Illinois Department of Human Rights to cross-file with other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

**Answer:** Defendant admits that it is not a federal agency. Defendant admits that the Plaintiff filed a Charge of Discrimination against Defendant with the Illinois Department of Human Rights on or about July 26, 2007. Defendant denies that the allegations contained in Plaintiff's Charge of Discrimination filed on or about July 26, 2007 contain acts of discrimination as alleged in Plaintiff's Complaint. Defendant admits that a copy of Plaintiff's Charge of Discrimination is attached to Plaintiff's Complaint as Exhibit A. Defendant makes no response regarding the policies of the Equal Employment Opportunity Commission and the Illinois Department of Human Rights because Plaintiff's allegations are a legal conclusion and not an assertion of fact directed against Defendant. Defendant is without knowledge or sufficient information to form a belief as to Plaintiff's belief regarding the policies of the Equal Employment Opportunity Commission and the Illinois Department of Human Rights.

8.  **Allegation:** The United States Equal Employment Opportunity Commission has issued a Notice of Right to Sue, which was mailed on Feb. 29, 2008, and received by the Plaintiff within a few days thereafter, a copy of which Notice is attached to this complaint.

**Answer:** Defendant admits that the United States Equal Employment Opportunity Commission issued a Notice of Right to Sue on or about February 29, 2008. Defendant is without sufficient knowledge or information sufficient to form a belief as to when the Notice of Right to sue was mailed by the United States Equal Employment Opportunity Commission. Defendant is without sufficient knowledge or information sufficient to form a belief as to when Plaintiff received the Notice of Right to Sue. Defendant admits that a copy of the Notice of Right to Sue is attached to Plaintiff's Complaint as Exhibit B.

9.  **Allegation:** The defendant discriminated against the plaintiff because of plaintiff's Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Sec. 1981) and Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Sec. 1981).

**Answer:** Defendant denies all of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.  **Allegation:** Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. Sec. 1331, 28 U.S.C. Sec. 1343(a)(3), and 42 U.S.C. Sec. 2000e-5(f)(3); for 42 U.S.C. Sec. 1981 by 42 U.S.C. Sec. 1988.

**Answer:** Defendant makes no response regarding the jurisdiction of Plaintiff's allegations as it is a legal conclusion and not an assertion of fact directed against Defendant.

11.     **Allegation:** The Defendant terminated plaintiff's employment on January 29, 2007.

**Answer:** Defendant admits that it terminated Plaintiff's employment on January 29, 2007.

12.     **Allegation:** The Defendant's Delivery Manager terminated the plaintiff because of his race. Said Manager indicated plaintiff's (sic) was a poor performer based upon racial stereotypes of laziness and unreliability and stated that said laziness and unreliability was due to his race. Defendant's Delivery Manager failed to assign a driver's helper to plaintiff on numerous occasions and then criticized and eventually fired plaintiff for poor performance on such occasions. Similarly situated white drivers where (sic) not criticized and fired for poor performance under similar circumstances.

**Answer:** Defendant denies all of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

13.     **Allegation:** The plaintiff demands that the case be tried by a jury.

**Answer:** Paragraph 13 is a legal conclusion and not an assertion of fact directed against Defendant, therefore, Defendant makes no response to Paragraph 16.

## AFFIRMATIVE DEFENSES

1.      Defendant states that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's Complaint is barred by the doctrines of laches, estoppel and unclean hands.

3. Any and all adverse employment actions alleged by Plaintiff were based on legitimate, non-discriminatory reasons. Defendant was terminated from employment with Defendant for failure to comply with the minimum requirements of an extra driver despite previous warnings and suspension.

4. Defendant states that the minimum requirements of an extra driver are outlined in the Agreement between Chas. Levy Circulating Co., LLC and the Newspaper, Magazine, Periodical Salesmen, Drivers, Chauffeurs, Division Men, District Managers, Checkers, Vendors and Handlers' Union Local No. 706, Affiliated with International Brotherhood of Teamsters and that Plaintiff failed to meet these requirements.

5. Defendant states that on November 30, 2006 Plaintiff was informed of concerns about his poor performance, including an incident in which he bent the roof of a truck trying to avoid traffic and the excessive time he took to complete routes.

6. Defendant states that in the meeting on November 30, 2006 Plaintiff stated that the excessive time taken on routes was not his fault because he did not have a helper, although Plaintiff admitted he had only been without a helper on one occasion.

7. Defendant states that in the meeting on November 30, 2006 Plaintiff stated that the excessive time taken on routes was not his fault because he had to wait two hours for a helper, although Plaintiff admitted that that he had only had to wait for a helper on two occasions.

8. Defendant states that Plaintiff failed to respond to calls to cover an open start on December 18, 2006 and was notified in writing that his failure to be available for work when needed would affect his status as a regular extra driver.

9. Defendant states that Plaintiff failed to pick up returns on December 28, 2006 and was notified in writing that future incidents would result in disciplinary action.

10. Defendant states that Plaintiff failed to respond to calls to cover an open start on January 11, 2007, was reminded of the contractual requirements of an extra driver, and was suspended for three days due to his failure to respond on December 18, 2006, December 29, 2006 and January 10, 2007. Plaintiff was warned that future occurrences would result in further disciplinary action up to and including termination.

11. Defendant states that Plaintiff failed to respond to a call to cover an open start on January 29, 2007 and was terminated on January 29, 2007 for failure to comply with the minimum requirements of an extra driver despite previous warnings and suspension.

12. Defendant states that the decision to terminate the Plaintiff was not based on any discriminatory motive or "racial stereotypes of laziness and unreliability."

13. Defendant states that Plaintiff's claims fail to establish a prima facie case of discrimination against Plaintiff because of his Color and Race. Specifically, Defendant was not terminated from employment with Defendant due to his race or color, but was terminated for failure to comply with the minimum requirements of an extra driver despite previous warnings and suspension.

14. All of Defendant's actions with regard to Plaintiff were justified as a matter of law.

15. Plaintiff was not treated differently than others who were similarly situated.

16. Plaintiff has failed to mitigate his damages and any such damages alleged by Plaintiff are subject to all applicable legal caps and limitations.

17. Plaintiff's own conduct, as well as other conduct and events, contributed in whole or in part to his alleged damages.

18. Plaintiff has failed to exhaust his administrative remedies.

19. Defendant's actions were not intentional, willful, wanton, malicious and/or outrageous, or with evil motive or with reckless indifference to the rights of the Plaintiff.

20. Plaintiff's Complaint is barred by the doctrines of res judicata and collateral estoppel.

21. Plaintiff's claims are barred by the applicable statute of limitations.

22. Plaintiff is not entitled to attorneys' fees and/or costs.

23. Plaintiff is not entitled to reinstatement, front pay or back pay.

24. Plaintiff is not entitled to expert witness fees.

25. Defendant states that this Complaint has been filed and pursued with no reasonable good faith belief in its merit. Defendant is entitled to sanctions against Plaintiff, including attorneys' fees and costs incurred herein.

26. Defendant reserves the right to amend its Answer and to add additional affirmative defenses as Plaintiff's claims are more fully discovered in the course of this litigation.

27. Defendant denies each allegation in Plaintiff's Complaint that is not expressly admitted.

Respectfully submitted,

BOBROFF, HESSE, LINDMARK
& MARTONE, P.C.


By:  /s/ Andrew J. Martone

Andrew J. Martone, #06203524
1650 Des Peres Road, Suite 200
St. Louis, MO 63131
Tel:  (314) 862-0300
Fax:  (314) 862-7010
E-mail:  andymartone@bobroffhesse.com

Attorneys for Defendant
Chas. Levy Circulating Co. LLC


## CERTIFICATE OF SERVICE

A copy of the foregoing was served electronically via the Court's electronic filing system this   24th   day of July, 2008 on:


William V. Saracco
Attorney at Law
161 N. Clark Street, Suite 4700
Chicago, IL 60601


/s/ Andrew J. Martone